
TFH: USAO 2019R00555

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

KAIRI MUGADDIM,
a/k/a "Kairi Aquil Johnson,"

Defendant

CRIMINAL NO. TDC 19 cr 380

(Conspiracy to Interfere with Interstate Commerce by Robbery, 18 U.S.C § 1951(a); Interference with Interstate Commerce by Robbery, 18 U.S.C. § 1951(a); Use, Carry, and Brandish a Firearm During and in Relation to a Crime of Violence, 18 U.S.C. § 924(c); Aiding and Abetting, 18 U.S.C. § 2; Forfeiture, 18 U.S.C. §§ 924(d) and 981(a)(1)(C), 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c))

*******

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2019 AUG -7 P 2:21
CLERK'S OFFICE
AT GREENBELT

**INDICTMENT**

**COUNT ONE**
**(Conspiracy to Interfere with Interstate Commerce by Robbery)**

The Grand Jury for the District of Maryland charges that:

At all times material to this Indictment:

**Introduction**

1. Business 1, headquartered in Stockholm, Sweden, was a cash handling company with over four hundred operating locations in the United States and western Europe, engaged in interstate commerce by, among other things, operating a fleet of approximately 3,000 armored vehicles to provide secure armored transport, automated teller machine services, cash processing, and outsourced vault services for banks, other financial institutions, and commercial and retail businesses.

2. Business 2, located in Washington, D.C., was part of a nationwide network of credit services organizations and credit access businesses headquartered in Irving, Texas, engaged in interstate commerce by, among other things, providing various financial and credit services to customers in 24 states and the District of Columbia, both online and through a network of stores, including selling, brokering, and/or providing short-term loans, installment loans, debit accounts processed by a national bank, check cashing, money transfers, and access to automatic teller machines and a mobile application.

3. Business 3, headquartered in Richmond, Virginia, was an international private security and protection company with over 650 branches operating in approximately 150 countries engaged in interstate commerce by, among other things, operating a fleet of approximately 7,000 armored vehicles to provide security services, cash and valuable transportation, and money processing operations to banks, retailers, governments, mints, and jewelers.

4. Business 4, located in Laurel, Maryland, was a branch of a financial institution headquartered in Winston-Salem, North Carolina, engaged in interstate commerce by, among other things, providing financial services and products, including consumer and commercial banking, securities brokerage, asset management, mortgage, and insurance products and services, to customers online and in more than one thousand branch locations in 15 states and the District of Columbia.

5. Business 5, located in Laurel, Maryland, was a branch of a financial institution headquartered in Vienna, Virginia, engaged in interstate commerce by, among other things, providing financial services and products, including savings accounts, checking accounts, IRA accounts, and certificates, to customers online and in approximately 300 branch locations and nearly 600 automated teller machines.

## The Conspiracy

6. Beginning at a time unknown to the Grand Jury, but no later than on or about April 19, 2017, and continuing until on or about June 13, 2017, in the District of Maryland and elsewhere, the defendant,

**KAIRI MUGADDIM,**
**a/k/a "Kairi Aquil Johnson,"**

did knowingly and willfully combine, conspire, confederate, and agree with other persons, known and unknown to the Grand Jury, to obstruct, delay, and affect commerce and the movement of an article and commodity in commerce by robbery, as those terms are defined in 18 U.S.C. § 1951, by the unlawful taking of money and property, from the person and in the presence of employees of Business 1 and Business 3, against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to said employees.

## Manner and Means of the Conspiracy

7. Among the manner and means used by the defendant **KAIRI MUGADDIM, a/k/a "Kairi Aquil Johnson" ("MUGADDIM")**, and others to achieve the objects of the conspiracy were the following:

a. It was part of the conspiracy that **MUGADDIM** and a co-conspirator planned and organized the robbery of Business 1 and Business 2 through the use of firearms, force, and violence.

b. It was further part of the conspiracy that **MUGADDIM** and a co-conspirator armed themselves with firearms for use during the robbery of Business 1 and Business 2.

c. It was further part of the conspiracy that **MUGADDIM** and a co-conspirator possessed a black Dodge Avenger ("the Dodge Avenger"), which was reported stolen in February 2017, and used it as a getaway vehicle.

d. It was further part of the conspiracy that **MUGADDIM** and/or a co-conspirator changed the appearance of the Dodge Avenger by applying or causing one or more other individuals to apply tint to the windows of the Dodge Avenger.

e. It was further part of the conspiracy that **MUGADDIM** and a co-conspirator planned and organized the robbery of Business 3 and Business 4 through the use of firearms, force, and violence.

f. It was further part of the conspiracy that **MUGADDIM** and a co-conspirator armed themselves with firearms for use during the robbery of Business 3 and Business 4.

g. It was further part of the conspiracy that **MUGADDIM** and a co-conspirator planned and organized the robbery of Business 3 and Business 5 through the use of firearms, force, and violence.

h. It was further part of the conspiracy that **MUGADDIM** and a co-conspirator armed themselves with firearms for use during the robbery of Business 3 and Business 5.

i. It was further part of the conspiracy that **MUGADDIM** and a co-conspirator possessed a white Infiniti FX35 Sports Utility Vehicle ("the Infiniti"), which was reported stolen on or about May 30, 2017, and used it as a getaway vehicle.

**Overt Acts**

8. During the course of and in furtherance of the conspiracy, and to effect the illegal objects thereof, **MUGADDIM** and others committed and caused to be committed the following acts, among others, in the District of Maryland and elsewhere:

a. On or about March 29, 2017, **MUGADDIM** purchased tint from an auto parts store in District Heights, Maryland.

b. On or before April 19, 2017, **MUGADDIM** and/or a co-conspirator applied tint, or caused tint to be applied, to the windows of the Dodge Avenger.

c. On or before April 19, 2017, **MUGADDIM** and a co-conspirator possessed the Dodge Avenger, intending to use it as the getaway vehicle for the planned robbery of Business 1 and Business 2.

d. On or about April 19, 2017, **MUGADDIM** and a co-conspirator armed themselves with firearms to use during an armed robbery of Business 1 and Business 2.

e. On or about April 19, 2017, **MUGADDIM** and a co-conspirator, each brandishing a firearm, confronted an employee of Business 1 who was attempting to pick up United States currency from Business 2 for transport.

f. On or about April 19, 2017, **MUGADDIM** and a co-conspirator verbally threatened to kill an employee of Business 1.

g. On or about April 19, 2017, **MUGADDIM** and a co-conspirator stole property belonging to Business 1.

h. On or about April 19, 2017, **MUGADDIM** and a co-conspirator fled the scene of the robbery of Business 1 in the Dodge Avenger.

i. On or before May 25, 2017, **MUGADDIM** and a co-conspirator possessed the Dodge Avenger, intending to use it as the getaway vehicle for the planned robbery of Business 3 and Business 4.

j. On or about May 25, 2017, **MUGADDIM** and a co-conspirator armed themselves with firearms to use during an armed robbery of Business 3 and Business 4.

k. On or about May 25, 2017, **MUGADDIM** and a co-conspirator, each brandishing a firearm, confronted an employee of Business 3 who had transported United States currency to Business 4.

l. On or about May 25, 2017, **MUGADDIM** and a co-conspirator stole property belonging to Business 3.

m. On or about May 25, 2017, **MUGADDIM** and a co-conspirator fled the scene of the robbery of Business 3 in the Dodge Avenger.

n. On or before June 13, 2017, **MUGADDIM** and a co-conspirator possessed the Infiniti, intending to use it as the getaway vehicle for the planed robbery of Business 3 and Business 5.

o. On or about June 13, 2017, **MUGADDIM** and a co-conspirator armed themselves with firearms to use during an armed robbery of Business 3 and Business 5.

p. On or about June 13, 2017, **MUGADDIM** and a co-conspirator, each brandishing a firearm, confronted an employee of Business 3 who had transported approximately $160,000 in United States currency to Business 5 intending to deposit the United States currency into Business 5's automated teller machine.

q. On or about June 13, 2017, **MUGADDIM** and a co-conspirator stole approximately $120,000 of United States currency belonging to Business 5 and additional property belonging to Business 3.

r. On or about June 13, 2017, **MUGADDIM** and a co-conspirator fled the scene of the robbery of Business 3 and Business 5 in the Infiniti.

18 U.S.C. § 1951(a)

**COUNT TWO**
**(Interference with Interstate Commerce by Robbery)**

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 3, 4, 7c through 7f, 8a through 8b, and 8i through 8m of Count One are incorporated here.

2. On or about May 25, 2017, in the District of Maryland, the defendant,

**KAIRI MUGADDIM,**
**a/k/a "Kairi Aquil Johnson,"**

did knowingly and unlawfully obstruct, delay, and affect, and attempt to obstruct, delay and affect, commerce by robbery, as those terms are defined in 18 U.S.C. § 1951, in that the defendant did unlawfully take and obtain property from the person and presence of an employee of Business 3, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee.

18 U.S.C. § 1951(a)
18 U.S.C. § 2

**COUNT THREE**
**(Use, Carry, and Brandish a Firearm During and in Relation to a Crime of Violence)**

The Grand Jury for the District of Maryland further charges that:

On or about May 25, 2017, in the District of Maryland, the defendant,

**KAIRI MUGADDIM,**
**a/k/a "Kairi Aquil Johnson,"**

did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a), as set forth in Count Two of this Indictment and incorporated here.

18 U.S.C. § 924(c)(1)(A)(ii)
18 U.S.C. § 2

**COUNT FOUR**
**(Interference with Interstate Commerce by Robbery)**

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 3, 5, 7g through 7i, 8a through 8b, and 8n through 8r of Count One are incorporated here.

2. On or about June 13, 2017, in the District of Maryland, the defendant,

**KAIRI MUGADDIM,**
**a/k/a "Kairi Aquil Johnson,"**

did knowingly and unlawfully obstruct, delay, and affect, and attempt to obstruct, delay and affect, commerce by robbery, as those terms are defined in 18 U.S.C. § 1951, in that the defendant did unlawfully take and obtain property of Business 5, namely approximately $120,000, from the person and presence of an employee of Business 3, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee.

18 U.S.C. § 1951(a)
18 U.S.C. § 2

**COUNT FIVE**
**(Use, Carry, and Brandish a Firearm During and in Relation to a Crime of Violence)**

The Grand Jury for the District of Maryland further charges that:

On or about June 13, 2017, in the District of Maryland, the defendant,

**KAIRI MUGADDIM,**
**a/k/a "Kairi Aquil Johnson,"**

did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a), as set forth in Count Four of this Indictment and incorporated here.

18 U.S.C. § 924(c)(1)(A)(ii)
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 924(d) and 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's convictions under Counts One through Five of this Indictment.

### Robbery Forfeiture

2. As a result of the offenses set forth in Counts One, Two, and Four of this Indictment, the defendant,

**KAIRI MUGADDIM,**
**a/k/a "Kairi Aquil Johnson,"**

shall forfeit to the United States all property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations.

3. The property to be forfeited includes, but is not limited to, personal property, including United States currency of a value of approximately $120,000 and all interest and proceeds traceable thereto, in that such sum in aggregate is proceeds obtained, directly or indirectly, as a result of such violations.

### Firearms Forfeiture

4. As a result of the offenses set forth in Counts Three and Five of this Indictment, the defendant,

**KAIRI MUGADDIM,**
**a/k/a "Kairi Aquil Johnson,"**

shall forfeit to the United States the firearms involved in those offenses.

**Substitute Assets**

5. If, as a result of any act or omission of the defendant, any such property subject to forfeiture:

a. cannot be located upon exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or,

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America, pursuant to 21 U.S.C. § 853(p), shall be entitled to forfeiture of substitute property.

18 U.S.C. § 924(d)
18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

Robert K. Hur / TFH
Robert K. Hur
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED
Foreperson

August 7, 2019
Date