# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. TDC-19-380 |
| | * | |
| KAIRI MUGADDIM, | * | |
| | * | |
| Defendant | * | |
| | * | |
| | * | |

## MEMORANDUM OPINION

The Court has received Defendant's Motion for Bond Review ("Defendant's Motion"), ECF No. 33. The Court has reviewed Defendant's Motion, and the Opposition thereto. ECF Nos. 34. No hearing is deemed necessary. Local Rules 105.6 and 207 (D. Md.). The Court hereby DENIES Defendant's Motion.

### I.     Relevant Procedural History

On August 28, 2018, Defendant was charged with various felony offenses under case number TDC-19-126. On March 20, 2019, after a detention hearing before this Court, an order of detention was entered. ECF No. 13. On July 25, 2019, the Court granted a Motion for Speedy Trial Dismissal. ECF No. 24. Nonetheless, Defendant remained detained.

On August 7, 2019, Defendant was re-charged under the present case number by way of indictment with: (1) three counts of conspiracy to interfere with interstate commerce by robbery; and (2) two counts of knowingly using, carrying, and brandishing a firearm during and in relation to a crime of violence. *See* Indictment, 1–13, ECF No. 1. Defendant was arraigned, filed a Motion to Suppress, and received the appointment of new counsel following a hearing. ECF Nos. 3, 5, and 13. On January 16, 2020, Defendant pled guilty to: (1) interference with interstate commerce by robbery and (2) knowingly using, carrying, and brandishing a firearm

during and in relation to a crime of violence.  ECF No. 26.  Defendant now seeks a review of the order of detention originally entered.

At the March 20, 2019 detention hearing, the Court found by clear and convincing evidence that "[the] weight of evidence against Defendant is strong; [Defendant is] subject to [a] lengthy period of incarceration if convicted; [Defendant had a] prior criminal history; [Defendant has a] lack of stable employment; [and] [Defendant] has prior violations of probation, parole, or supervised release."  ECF No. 16.  The Court also found that Defendant failed to introduce sufficient evidence to rebut the presumption which arises under 18 U.S.C. § 3142(e)(3) that "no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed an offense under 18 U.S.C. §§ 924(c), 956(a) or 2332b."  *Id.*  Defendant now seeks review of this Court's order of detention due to the outbreak of the Corona virus ("COVID-19").

**II.     Analysis**

Defendant requests to be released due to the fact "COVID-19 started spreading worldwide and now is a pandemic."  Def.'s Mot. for Bond Rev. 1, ECF No. 33.  Defendant contends that "incarcerated individuals are at a special risk of infection, given their living situation and may also be less able to participate in proactive measures to keep themselves safe."  *Id*. at 3 (internal citations omitted).  Defendant further contends that he can remain under home confinement pending his sentencing in this matter.  *Id*.  Defendant avers that under 18 U.S.C. § 3142(i), the Court must consider "temporary release" of Defendant because COVID-19 is a compelling reason.  *Id.* at 2.  The Government argues that Defendant cannot obtain the relief he is seeking under 18 U.S.C. § 3142(a)(2) because: (1) he cannot show there is a substantial

likelihood of acquittal or that a new trial will be granted; and, (2) Defendant has failed to show by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community. Gov't Opp. to Mot. for Bond Rev. 4. Further, the Government urges that the factors under 18 U.S.C. § 3142 do not warrant a modification of the original detention order. *Id.* at 5. Lastly, the Government provides an update of the procedures and measures the D.C. Department of Corrections ("DOC") has taken to avoid transmission of COVID-19. *Id.* at 7.

Under the Bail Reform Act, a defendant:

> [W]ho has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition of sentence shall be detained unless . . . there is a substantial likelihood that a motion for acquittal or new trial will be granted; or . . . an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and . . . there is clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2). Further, a detention hearing determination:

> [M]ay be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f).

   a. **The COVID-19 Pandemic**

The presence of COVID-19 creates a "material bearing" on the issue of whether there are conditions of release that can protect the community from the danger that Defendant presents. Yet, this Court has stated that the mere presence of the virus, even in the detention setting, does not automatically translate to the release of a person accused. *See United States v. William*

3

*Bilbrough*, *IV*, TDC 20-33 (D. Md. Mar. 20, 2020) (denying the defendant's motion even though the defendant suffered from diabetes); *United States v. Julius Williams*, PWG 13-544 (D. Md. Mar. 24, 2020) (denying a 67-year old defendant's motion); *United States v. Anthony Penaloza*, TDC-19-238 (D. Md. Mar. 31, 2020) (denying the defendant's motion even though the defendant suffered from a heart murmur); *United States v. Teon Jefferson*, CCB-19-487 (D. Md. Mar. 23, 2020) (denying the defendant's motion even though the defendant was asthmatic); *United States v. Derek Crosby*, ELH-19-286 (D. Md. Apr. 2, 2020) (denying the defendant's motion despite his previous diagnosis of pneumonia, asthma, and a need for an albuterol inhaler); *United States v. Ronald McCormick*, GLR-19-318 (D. Md. Apr. 2, 2020) (denying the defendant's motion despite testing positive for COVID-19); *United States v. Dante Williams*, PWG-19-8 (D. Md. Apr. 2, 2020) (denying defendant's motion even though he suffered from allergies and asthma); *United States v. Jermaine Pate*, PWG-17-236 (D. Md. Apr. 7, 2020) (denying defendant's motion even though he suffered from asthma).

Defendant argues at length, citing to a variety of sources, the dangers of COVID-19 in detention centers. For example, Defendant provides information about the spread of the virus in other jurisdictions such as Iran, Italy, and New York. Further, Defendant avers that the DOC is not equipped to adequately protect inmates because it does not provide:

> [S]ocial distancing of six feet regardless of symptoms; increased space in cells and in lines; recreation policies to limit exposure; staggered meal times; no group activities where individuals are in closer contact than on their housing units; rearrange[d] bunks so sleeping individuals have six feet of space and sleep head to foot.

Def.'s Mot. for Bond Rev. 6.

As outlined by the Government, DOC has taken and continues to take substantial steps to mitigate the effect of COVID-19. Gov't Opp'n to Mot. for Bond Rev. 7–9. This includes

policies that: preclude non-legal visitations; require inmate screening; the quarantining of infected inmates; and extra cleaning. *Id.* Further, as of March 27, 2020, the DOC took additional measures to mitigate the spread of COVID-19 by cancelling certain inmate activities and reducing the time inmates spend outside of their cells. *Id.* at 7. According to Defendant, these procedures are not adequate, and the DOC procedures do not comport with Center for Disease Control ("CDC") recommendations. Def.'s Mot. for Bond Rev. 6–7. As recent as this week, several opinions in this circuit alone say otherwise. *United States v. Jermaine Pate*, PWG-17-236 (D. Md. Apr. 7, 2020) (stating that the "DOC has established comprehensive procedures to avoid a COVID-19 outbreak and transmission of the virus."); *United States v. Michael Christian*, DKC-20-19 (D. Md. Apr. 6, 2020) (stating that the defendant's assertion that detention facilities are "ill-equipped to handle" a defendant's medical concerns is directly contradicted by the Government who discusses the measures the detention facility has set in place).

The Court finds that Defendant rightfully questions whether the DOC's actions are sufficient, however, the plan that has been put in place by the DOC "should not be summarily embraced or discarded. Nor does it follow that a presumption of release materializes without more details about the impact upon [Defendant] directly." *United States v. Julius Williams*, PWG 13-544 (D. Md. Mar. 24, 2020).

In this case, Defendant does not contend that he is in danger because of underlying medical conditions. Defendant essentially avers that he must be released because the risk of contracting the virus in jail is heightened. More importantly, there is no indication that Defendant has been in contact with any detainees who have been diagnosed with the virus. In essence, Defendant does not provide any information to differentiate himself from any other

5

inmate.  Accepting Defendant's analysis would require every inmate to be released regardless of their medical conditions.  It is not for the Court to speculate where the "fine line" might be crossed where the scales weigh more favorably toward release.  But on this record, it has not been crossed.

   b. **Bail Reform Act**

The Court has a duty to balance the factors of the Bail Reform Act, with the overlay of concerns about the health and safety of Defendant and the community at large.  Defendant stipulated that he used an assault rifle to conduct three armed robberies.  ECF No. 26.  Further, Defendant has prior convictions in this court for felon in possession of a firearm, one of which led to a 72-month sentence.  According to the Government, Defendant has been found guilty of firearm-related offenses five times.  Gov't Opp. to Mot. for Bond Rev. 6.  Defendant, the Court finds, simply has a propensity of violating federal laws regarding firearms.  Therefore, he has failed to provide clear and convincing evidence that he does not pose a danger to any other person or the community.  With the current pandemonium surrounding COVID-19, and Defendant facing meaningful jail time, the risk that Defendant may flee is also heightened.

Defendant does not address the heightened burden under 18 U.S.C. § 3143(a)(2) requiring him to show that (1) there is substantial likelihood that a motion for acquittal or a new trial will be granted; or (2) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person.  18 U.S.C. § 3143(a)(2).  Defendant has pled guilty to interference with interstate commerce by robbery, 18 U.S.C. § 1951(a) and the use, carry, and brandishing of a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c), both of which fall under 18 U.S.C. § 3142(f)(1)(A).  The Government unequivocally stated "there is no possible avenue for acquittal . . . a new trial is not a possibility [and] the Government has no

6

plans to recommend a sentence that does not include prison time." Gov't Opp. to Mot. for Bond Rev. 5.

### c. Sixth Amendment Right to Counsel

Defendant also raises a Sixth Amendment right to effective representation argument. The Court finds that Defendant fails to meaningfully address the issue. Defendant did not provide any caselaw to support his argument and fails to show how the DOC has precluded inmate meetings with client. In fact, as stated by Defendant, the DOC is open for legal visits, however, Defendant's counsel "has *chosen* to suspend visits to protect the health and safety of her and her clients" due to a quarantine required by her own physician. Def.'s Mot. for Bond Rev. 9 (emphasis added). Further, the Sixth Amendment right to counsel is not relevant to the Court under the Bail Reform Act. *See United States v. Xavier Lee*, ELH-19-159 (D. Md. Apr. 3, 2020) ("[W]hile access to counsel may be a separate argument, it is not a factor for the Court's determination under 18 U.S.C. 3142(g).").

The Court acknowledges the tragic effects of the COVID-19 outbreak in our communities and in the detention centers. However, the COVID-19 outbreak does not relieve the Court of its duty to ensure the safety of our community and Defendant's appearance at trial.

### III. Conclusion

Defendant has failed to show a substantial likelihood that a motion for acquittal or new trial will be granted or that the Government has recommended that no sentence of imprisonment be imposed. Further, Defendant has failed to demonstrate that the changed circumstances created by the COVID-19 crisis sufficiently tips the scales of detention to reverse the earlier decision by the Court. Accordingly, Defendant's Motion is denied.


April 9, 2020 /s/
Charles B. Day
United States Magistrate Judge